IN THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA,

AT THE JUNE TERM THEREOF, HELD AT WHEELING, IN THE
COUNTY OF OHIO, COMMENCING ON THE SEVENTH DAY
OF JUNE, 1876, AND ENDING ON THE TWENTY-
FIRST DAY OF JULY, 1876.

---

## WHEELING.

JACKSON, WELLS & CO., v. JONES.

July 17, 1876.

When a cause has been referred to a commissioner of the court, to ascertain certain facts, at the instance of the plaintiff and appellant, with a subsequent order recommitting the report made—upon the coming in of said second report, which approves and adopts the first report made, it is no error in the court to overrule exceptions taken to said second report, when it appears to the court that the exceptions are based upon a misapprehension of the facts disclosed in the case; and especially so when the facts reported—and clearly right—not only justify, but require, the exceptions to be overruled and the report to the confirmed.

Appeal by William L. Jackson, Thomas M. Wells and L. G. Muncey, merchants and partners, doing business under the firm name of Jackson, Wells & Co., from a final decree of the circuit court of Wood county, rendered on the fifteenth day of July, 1874, in a suit then pending in said court, wherein said Jackson,.

Wells & Co., were complainants, and John Jones, William Armstrong, Johnson N. Camden, William N. Chancellor, J. M. Davidson and Samuel Lamon, respondents.

The other facts appear in the opinion of the Court.

The Hon. James M. Jackson, judge of said circuit court, presided at the hearing below.

*George Loomis,* for the appellants.

*William H. Small,* for the appellees.

Edmiston, Judge:

This is an appeal from a decree of the circuit court of Wood county, rendered on the fifteenth day of July, 1874. The suit was instituted by the plaintiffs and appellants against the defendants and appellees to reach the equity of redemption remaining in Jones under certain trust deeds executed by him in favor of certain creditors. The plaintiffs having obtained a judgment issued their execution, with a return thereon of "no property." The party had a clear right to maintain such a suit; because it was the only way in which that equity could be reached.

The bill sets out the plaintiffs' judgment and other judgments and a mechanic's lien upon part of the property, and certain trust deeds; and asks a reference to a commissioner to ascertain and report all the property and all the liens thereon, with the respective priorities.

Without waiting for this report to come in, which should have been done, the plaintiffs obtained an order of sale and all the property was sold, sales confirmed, and proceeds thereof ordered to be held by the commissioner until the debts and priorities should be ascertained. The property sold produced $3,663.

Commissioner Sands made a report and returned it, but it not being satisfactory to plaintiffs they had it recommitted to Van Winkle who sent in his report approving and adopting that made by Sands, as fully covering

1876.
June Term.

Jackson, Wells
& Co.
v.
Jones.

all matters of inquiry and furnishing all the information that could be given by a commissioner.

The plaintiffs filed exceptions to this report, as follows :

1st. "Because he files no copy of order of reference, or notice of the time of taking the annexed account and report, and the commissioner finished his meagre report on the eighth of July, 1874; and when he filed it in court does not appear."

2d. "The commissioner has not, in any report, executed the decree or order to him directed. He failed to ascertain and report the amount due the trust creditors, especially the sum due and payable prior to the sixth day of April, 1868; and to enable him to so report, he had authority to require a statement upon oath from the trust creditors and file the same with his report, all of which he has failed to do, and, other than a mere statement, no evidence of indebtedness, either to the First National Bank of Parkersburg or to J. N. Camden or W. N. Chancellor—all is left vague and uncertain in said report."

3d. "The commissioner also failed to ascertain what had been done with the balance of the estate, real and personal, of said John Jones, embraced in said trust deeds, other than that sold under a decree of this court in this cause; and in fact the report is so confused and uncertain, that in justice to the plaintiffs the cause should be recommitted, and the facts referred to in a former decree can be and should be ascertained and reported, and the trust creditors be required to answer the bill of complainants and, at least, file a full and complete list and statement of amount due them, and file the evidence of their said claims, showing whether they, the said Camden and Chancellor, claimed as endorsers only, or have they paid the First National Bank the amount for which they endorsed, &c."

The cause came on to be finally heard on all the papers, including the reports made by Sands and Van Winkle, with the above exceptions : And it is recited in the decree that commissioner Van Winkle "had filed with

his report the order of this court rendered on the eighth day of January, 1874, recommitting the report of commissioner Sands for amendment and correction of the same, has, by consent, filed the order under which he acted with his said report, together with the proof of notice to the parties, as required by said order, as also the notes of John Jones referred to in said report : And the court maturely considering the exceptions, doth overrule the same and doth approve and confirm the said report." The court then proceeded to decree to the creditors the debts reported in their favor to be paid, *first*, the mechanic's lien for $104.50 due Davidson, a defendant, and next to pay and discharge the two negotiable notes, which appear by said report to have priority, and which said notes are each for the sum of $1,500, with interest from fifth of April, 1869, drawn by said John Jones, the one payable to the order of J. N. Camden and W. N. Chancellor, and by them endorsed ; and the other payable to the order of J. N. Camden and by him endorsed, which notes were renewals of notes specified in the deeds of trust referred to in said reports ; and if there be any surplus after paying said notes then pay the debts in the order of their priority as reported by commissioners Sands and Van Winkle.

The *first* error assigned to said decree is " that it was error to overrule the exceptions to said report ; but the court should have recommitted the report to ascertain the matters in the order of reference required, to enable the court to render a just decree. On inspection of said report it will be seen that the said commissioner did not give notice of the decree under which he acted or should have acted."

The decree, as I have shown before, states expressly that the commissioner did file with his report the decree under which he was required to act, as well as the order requiring him to amend and correct the report made by Sands, with proof of notice upon the parties,

as required by the order of court. I have carefully examined the report made by Sands, and which, on motion of plaintiffs, had been referred to Van Winkle for the purpose of reviewing, amending and correcting the former reports made, (meaning those made by Sands,) and I am wholly unable to see any defect or omission therein. When Van Winkle came to examine the case he found the report of Sands full, accurate and complete, in his opinion, and adopted it as his own, stating that he could add nothing to it, or in any manner alter or change it. I think his conclusion was right, and properly approved by the court.

The *second* error assigned is that "the court erred in decreeing the payment of the two notes, each for the sum of $1,500—with interest, &c.,—without specifying to whom the money should be paid.; whether the First National Bank as owner and holder thereof or the said endorsers, Camden and Chancellor; and in fact it does not appear to whom the money should be paid, although this fact was required to be reported; nor does, or did, it appear that the Bank was the owner and holder of the notes and said notes were filed in the papers of the cause and shown to belong to the Bank." The facts do not sustain the assignment of error, but just the reverse. Still, if it were otherwise, as the commissioner is required to pay the two notes specially described, I cannot see that it could be complained of. The duty would devolve on the commissioner to see that he paid the money to the party entitled to the debt.

Nor can there be any doubt about the correctness of the decree directing these two notes to be paid first after the mechanic's lien, because these, with other notes, were secured by trust deeds executed by Jones, the debtor, on the property sold, and duly recorded prior to the lien of the plaintiffs. It is true there had been some renewals of the original notes, but that was provided for by the trust deeds.

1876.
June Term.

Jackson, Wells
& Co.,
v.
Jones.

The *third and last* error assigned is " that it fully appeared to the court in the proceedings of the cause that the trust creditors had two funds to resort to, while the plaintiffs had but one; that the court erred in not requiring the trust creditors to seek satisfaction out of the fund to which the plaintiffs could not resort ; and, further, in not requiring said trust creditors to show the true amount of their claims upon or against said funds, so that the plaintiffs could reach the residue."

It does not appear that the trust creditors had two funds to resort to for the payment of their debts. Indeed. the appellants do not, in terms, say what constitutes the second fund, but I suppose they mean that, as there was some personal property contained in some of the trust deeds, for the security of these and other negotiable notes, that the creditors would be bound to credit their debts with the value thereof. The case shows that no trustee or person had ever taken possession of the personal property or sold it. The trust creditors are not chargeable with property in that condition ; nor could they be charged therewith without proper proceedings had for that purpose, which were not had in this case. It does not appear that such existed; and, if not, that question does not arise.

The plaintiffs seem to complain that the parties claiming the protection of the negotiable notes, under the trust deeds, did not show the true amount of those claims. The commissioner reports these debts as valid and unpaid and returns the deposition of W. N. Chancellor with a detailed statement of not only these notes, but many others. I am at a loss to see how the case could be made clearer or more satisfactory. I might refer to the fact that this cause was conducted by the plaintiffs and appellants, that they matured the cause in their own way, having had many orders that tended to delay the hearing of the cause ; and as a recommittal as asked for by them could only have had the effect of producing further delay it was certainly right not to grant it. If

the plaintiffs desired answers from Camden and Chancellor it was entirely competent for them to take such steps as to compel them to file their answers. It really seems a little strange that this would be neglected—have a reference to report the debts, and on full and satisfactory proofs of the debts, to complain of the want of an answer by way of exception to commissioner's finding, and also as a matter of error to the decree, based upon such a report.

1876.
June Term.

Jackson, Wells
& Co.,
v.
Jones.

I am of opinion that there is no error in this cause for which it should be reversed, at the instance of the appellants; and am therefore of opinion that the decree should be affirmed with costs and damages.

The other Judges concurred.

DECREE AFFIRMED.